IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARTWORLD SHIPPING CORP. *et al.*,<br><br>    Defendants. | Criminal No. 19-58-RGA |

MEMORANDUM ORDER

Before me is Movant-Claimant's Motion for APPS Award Pursuant to 33 U.S.C. § 1908(a). (D.I. 160). I have reviewed the parties' briefing. (D.I. 161, 162, 163). I heard a helpful telephonic argument on March 5, 2020. For the reasons that follow, I will grant an award of $25,000 to the Claimant.

On October 15, 2019, Defendants pleaded guilty to violations of Title 33, U.S.C. § 1908(a); Title 18, U.S.C. § 2; Title 33 of C.F.R. § 151.25; and MARPOL Annex I, Regulation 17. (D.I. 135, 136). The plea agreements and sentence provided that the corporate defendants would each pay a criminal fine of $900,000 ($1.8 million total). (D.I. 135 at 6; D.I. 136 at 6). Of that total amount, $900,000 of the criminal fine is specifically attributed to APPS violations. Claimant has requested the Court for an informer's fee award of up to one-half of the $900,000 APPS fines imposed upon Defendants Chartworld Shipping Corporation and Nederland Shipping Corporation. (D.I. 161 at 14).

The Act to Prevent Pollution from Ships ("APPS") grants a Court discretion to issue a monetary award of up to one-half of any fine imposed to those who provide information that leads to a conviction under the Act. 33 U.S.C. § 1908(a). The purpose of APPS is to implement

1

an international treaty known as the MARPOL Protocol setting forth international standards to protect the marine environment.

The parties agree that a determination of whether Claimant should receive an award in this case, and the amount of such an award, if it were granted, is a fact-specific determination solely within the Court's discretion. Here, the Court may award up to one-half of $900,000, namely, $450,000, to those witnesses who provided information that resulted in Defendants' convictions.

The Coast Guard boarded the M/V Nederland Reefer on or about February 20, 2019, to examine the operability of the ship's Oily Water Separator. Claimant was interviewed by Coast Guard investigators on approximately five different occasions. (D.I. 161 at 5). When he was initially interviewed by the Coast Guard investigators, Claimant was not forthcoming about any knowledge that he had about discharges of oily water, at times giving inconsistent or inaccurate accounts of problems that the crew experienced which resulted in pumping oily waste overboard. (*Id.* at 6). Later, Claimant provided information about the Chief Engineer's instructions that were given when crew members had discovered a hole in the bilge tank and other information relevant to the improper processing of oily water on board the ship. (*Id.* at 7-9).

The APPS award provision serves a valuable law enforcement purpose by encouraging those most likely to know of illegal conduct to report it and to cooperate with law enforcement. Claimant's cooperation with the Coast Guard's investigation need not have been the "but for" cause of its ultimate success or of the guilty pleas on the APPS count. Claimant's contribution in identifying the hole in the side of the ship in December was significant in moving the criminal case forward because it suggested that the entries made in the Oil Record Book were falsified. The Claimant has provided non-cumulative, useful information that helped to bring about the

resolution of the case under the APPS count, which is a sufficient basis for an award. At the same time, I recognize that the Claimant was slow to cooperate with the Coast Guard in the course of their investigation. I think that the amount of the award that I intend to grant reflects the specific facts of Claimant's involvement here.

Based on the foregoing, **IT IS HEREBY ORDERED** that Claimant's motion (D.I. 160) is **GRANTED** in the amount of $25,000.

Entered this 9 day of March, 2020.

*[signature]*
United States District Judge